AO 102 (01/09) Application for a Tracking Warrant

FILED
RICHARD W. NAGEL
CLERK OF COURT

2017 JUL 12 PM 2:04

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WESTERN DIV. DAYTON

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Tracking of )
*(Identify the person to be tracked or describe* )
*the object or property to be used for tracking)* )
WHITE/ HYUNDAI ELANTRA, LICENSE PLATE ) Case No. 3:17 mj 323
NUMBER EVLV45 (FL), VIN # )
KMHCT5AE3GU258684 )

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of 21 U.S.C. § 841/846. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.
☐ The activity in this district relates to domestic or international terrorism.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.
☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☐ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

☐ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:

☑ Delayed notice of 30 days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

TFO Steven V. Duteil
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: 7-12-17

*Judge's signature*

City and state: Dayton, Ohio

Sharon L. Ovington, US Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

IN THE MATTER OF THE TRACKING OF a white 2016 Hyundai Elantra bearing Florida license plate number EVLV45

Case No. 3:17 mj 323

**Filed Under Seal**

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, TFO Steven Duteil, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device on a white 2016 Hyundai Elantra bearing Florida license plate number EVLV45 ("the SUBJECT VEHICLE"). Based on the facts set forth in this affidavit, I believe that the SUBJECT VEHICLE is presently being used in furtherance of narcotics trafficking/money laundering and that there is probable cause to believe that the installation of a tracking device on the SUBJECT VEHICLE and use of the tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes.

2. I am a Task Force Officer with the Drug Enforcement Administration (DEA), and have been since August 25, 2014. Your affiant worked as a uniformed Ohio State Patrol (OSP) Trooper from 1993 until 2009, and was subsequently transferred to the Office of Investigative Services (OSP) section until 2011. In 2011, your affiant was promoted to Sergeant, and was transferred to the Springfield Post of the Ohio State Patrol. During this time period, the affiant has conducted numerous narcotic related investigations involving illegal narcotics; and prepared and executed search warrants for locations where cocaine, marijuana, heroin and

prescription pills were stored/ distributed. I have conducted investigations into conspiracy to convey narcotics into state owned facilities; unlawful possession, possession with the intent to distribute, and actual distribution of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1). I have also been involved with the administrative duties and monitoring responsibilities of Title III Wire intercepts, and analysis of pen registers related to narcotics and gang investigations. I am familiar with their methods of concealing the whereabouts of illegal drugs, the methods used to keep law enforcement officers from finding evidence of drug trafficking operations, as well as the methods used to prevent others unfamiliar with criminal conduct from observing things indicative of drug trafficking. I am also familiar with the paranoia surrounding most drug traffickers and the common ways in which wholesale drug distributors attempt to conceal their assets, their purchases, and other financial dealings that could be traced to them.

    3.    The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

    4.    I am currently working a large heroin, methamphetamine distribution organization with multiple targets located throughout the country including, but not limited to, California, Arizona, Illinois, and Ohio.

    5.    On or about June 9, 2017, I was contacted by a source of information (SOI) who reported he knew of an individual by the name of Waiman YU. I personally spoke with the SOI, who is a retired government employee; I found the SOI to be credible, and I was able to

corroborate portions of the information that he provided to me. The SOI stated YU was currently in California (city unknown) transporting a large amount of US Currency in a false gas tank for a drug trafficking organization (DTO) located in Dayton, Ohio. The SOI was not sure where in California YU was, but knew he was there due to telephone contact with a person close to the SOI. The SOI stated he has personal knowledge that YU transports money obtained through the sale of narcotics to California, Arizona, or Chicago, and then returns with what the SOI believes to be heroin/fentanyl.

6. On or about June 12, 2017, the SOI contacted me and stated YU had returned to Dayton, Ohio and was driving a 2012 blue Volkswagen Passat, bearing Ohio temporary license plate # E926941. The SOI forwarded a photo of the target vehicle to me.

7. On or about June 14, 2017, the SOI contacted me and stated YU was currently staying at a Knights Inn Motel located in Miamisburg, Ohio. The SOI stated YU was preparing to leave Dayton, Ohio, and to drive to Arizona to pick up what he believed to be heroin/fentanyl (kilogram amount) from a DTO. The SOI stated YU would bring the heroin/fentanyl back to Dayton, Ohio, go to a private residence (unknown where) where the vehicle would be unloaded. I responded to the Knight Inn and confirmed the target vehicle was there. I ran the registration on the vehicle, and it was registered to an individual from New Carlisle, Ohio.

8. On December of 1998 the Dayton DEA RO opened an investigation, K2-99-0001, which implicated YU in packaging and transportation of approximately 28 Kilograms of Cocaine from Ohio to Chicago, Illinois. This information was obtained through a debrief of a confidential source (CS). This CS also implicated YU in the handling and transportation of approximately $500,000.00 USC in September of 1998 at the indirect direction of an individual by the name of Juan LOPEZ. LOPEZ was later identified as Eduardo BONILLA.. BONILLA was later

3

convicted of Murder (Drug related) and was sentenced to life in prison, where he currently sits. On or about April 28, 1999, YU pled guilty to Conspiracy to Commit Murder (Connected to BONILLA Murder Case) and was sentenced to 6 years in the Ohio Department of Corrections by the Honorable Judge Thomas Rose, Greene County Common Pleas Court. It should be noted that, while debriefing the SOI, he indicated that YU was currently working for a person with a nickname of "Muncie." Through conversations with the SOI, I confirmed that Muncie was an alias for BONILLA.

9. On or about June 22, 2016, I along with numerous Dayton DEA RO members assisted Columbus DEA with surveillance of a known drug trafficker traveling from Columbus, Ohio to Dayton, Ohio. This target drove to the Knights Inn located in Miamisburg, Ohio and met with Waiman. The target exited his vehicle and went into the hotel room rented by YU. The target was in the room for approximately 10 minutes and left with a shoebox in hand. The target left the hotel alone, and drove back to Columbus, Ohio. Surveillance continued on YU for numerous hours to no avail. Surveillance then was terminated.

10. Based upon the information above, during mid-June 2017, I obtained a federal warrant for installation and use of a tracking device on the Passat. Based on the information developed from this tracking device as well as information from the SOI, law enforcement ultimately conducted a traffic stop of the Passat in Preble County, Ohio on or about June 21, 2017. The traffic stop led to the seizure of approximately 26 pounds of crystal methamphetamine from the Passat as well as the arrest of two individuals – namely, Haley Bigelow and Dennis Olinger. During post-Miranda statements, Olinger acknowledged that he was part of a drug distribution ring operated by a Hispanic male currently incarcerated in the Ohio prison system. I believe that Olinger was referencing BONILLA.

11. On or about July 10, 2017, I received additional information from the SOI indicating that YU intended to pick up a rental car and drive to the western United States carrying cash on behalf of the drug organization; the SOI believed that, on the return trip, YU would bring drugs back to the Dayton, Ohio area.

12. Consistent with the SOI's information, on July 12, 2017, law enforcement observed a rental car -- namely, the SUBJECT VEHICLE – parked in front of YU's home. On two occasions, agents also observed YU's girlfriend get in the rental car and drive it from and then back to the residence.

13. Based on the foregoing, it is believed that Waiman YU is using SUBJECT VEHICLE, that he is involved in drug trafficking in violation of federal law, and that the movement of the SUBJECT VEHICLE may provide evidence of his travel, places where he meets with drug trafficking associates (and assist in identifying those associates), and locations where controlled substances may presently be stored and/or sold. Based upon the fact that YU lives in the Dayton area and because your Affiant observed the SUBJECT VEHICLE in the Southern District of Ohio on July 12, 2017, and I know that the SUBJECT VEHICLE is presently within the Southern District of Ohio.

14. To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours.

15. In the event the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days following installation of the device. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

## AUTHORIZATION REQUEST

16. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members of DEA or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device on the SUBJECT VEHICLE within Southern District of Ohio within 10 days of the issuance of the proposed warrant, to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from the SUBJECT VEHICLE after the use of the tracking device has ended; to install, maintain, and remove the tracking device during both daytime and nighttime hours; to surreptitiously enter private property and/or move the SUBJECT VEHICLE to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Southern District of Ohio.

17. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

18. I further request that the Court seal the warrant and the affidavit and application in support thereof, except that copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office and may be served on Special Agents and other investigative and law enforcement officers of the DEA, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the warrant. These documents pertain to and discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation. Sealing these documents will also better ensure the safety of agents and others.

Respectfully Submitted

Steven V. Duteil
Task Force Officer
DEA

Subscribed and sworn to before me on _____ July 12, 2017

HONORABLE SHARON L. OVINGTON
UNITED STATES MAGISTRATE JUDGE